# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DR. FRANCIS SADOWSKI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )   No. 08 C 3225 |
| | ) |
| OCO BIOMEDICAL, INC. and | ) |
| JOHN DOES 1-10, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

Before the court is the motion of defendant OCO Biomedical, Inc. ("OCO") to dismiss plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motion is denied.

## BACKGROUND

Plaintiff, Dr. Francis Sadowski, is a dentist who alleges that on April 2, 2008, defendant OCO sent him, via facsimile machine, an unsolicited advertisement for a training course on the installation of defendant's dental implant systems. Plaintiff, who seeks to represent a class, claims that in sending the "junk faxes," OCO and the "John Doe" defendants-- agents of OCO who are alleged to have been involved--violated the Telephone Consumer Protection Act (the

"TCPA"), 47 U.S.C. § 227.  OCO moves to dismiss the First Amended Complaint.[1]

**DISCUSSION**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits.  5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356, at 354 (3d ed. 2004).  When evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  <u>Hentosh v. Herman M. Finch Univ. of Health Sciences</u>, 167 F.3d 1170, 1173 (7th Cir. 1999); <u>Jang v. A.M. Miller & Assocs.</u>, 122 F.3d 480, 483 (7th Cir. 1997).  However, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" <u>EEOC v. Concentra Health Servs., Inc.</u>, 496 F.3d 773, 776-77 (7th Cir. 2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)).  Our Court of Appeals has cautioned courts and litigants against "overread[ing]" <u>Bell Atlantic</u>, see <u>Limestone Dev. Corp. v. Village of Lemont</u>, 520 F.3d 797, 803 (7th Cir. 2008), and the Supreme Court has since dispelled the notion that it had abandoned notice pleading.  <u>See</u> <u>Erickson v. Pardus</u>, --- U.S. ----, 127 S. Ct.

---

[1] Plaintiff's original complaint also included claims for conversion and violation of the Illinois Consumer Fraud Act.  After defendant filed a motion to dismiss the complaint, plaintiff voluntarily dismissed those claims and obtained leave to file an amended complaint containing just the TCPA claim.  The parties proceeded to brief the sole issue of whether the TCPA claim should be dismissed.

2197, 2200, 167 L. Ed. 2d 1081 (2007). So, "heightened fact pleading of specifics" is still not required. Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618 (7th Cir. 2007) (citation and internal quotation marks omitted). Nevertheless, the complaint must "contain enough facts to state a claim to relief that is plausible on its face." Id.

The TCPA makes it "unlawful for any person . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). The statute lists some exceptions to this rule, but OCO does not assert that any of them apply. Instead, OCO maintains that it did not send plaintiff an "unsolicited advertisement" as defined in the TCPA as "any material advertising the commercial availability or quality of any property, goods, or services." 47 U.S.C. § 227(a)(5).

Attached to the first amended complaint is a copy of the fax that defendant sent to plaintiff. It bears OCO's logo at the top right-hand corner and the headings "IMPLANT TRAINING COURSE" and "Special Offer: Free Hotel Stay w/Course Registration." The body of the fax reads as follows in pertinent part:

> The OCO Biomedical implant training course is a unique opportunity for any dentist to learn to place and restore the ISI Complete® One-Piece and TSI Two-Piece Implant Systems. The course is approved for 7 hours CE credit, and includes implant placement and restorative training on models, a lecture series, Q & A and observation of a live surgery.

> With the OCO Implant Training Course you will learn about a state-of-the-art, immediately stabilizing implant system that will allow you to:
> - ***Give your patients spectacular esthetic results***
> - ***Improve the profitability of your practice***
> - ***Cut back your patient's chair time dramatically and increase patient satisfaction***
>
> ***As a special offer for the May and June courses***, we would like to offer **one free night hotel stay** at the spectacular Sandia Resort & Casino . . . with any registration for our May 9th, May 16th, June 6th or June 27th courses. The course fee is only $295.00 and the price includes hotel shuttle, continental breakfast, lunch, supplies and samples. Seating is limited and registration will be on a first-come/first-serve basis.
>
> To register for the course and take advantage of your one free night hotel stay, please call Matt at 800-228-0477, or complete the form below and fax back to 505-293-0447. For more information on OCO Biomedical's Dual Stabilization® Implant System, please log on to ocobiomedical.com or give us a call at your convenience.

(First Am. Compl., Ex. A.) The bottom of the fax contains instructions for removing one's number from the "fax list."

OCO contends: "Simply reviewing the face of the document, it is plain that this paper does not advertise the commercial availability of property, goods or services. Instead, the subject document is an invitation to an "IMPLANT TRAINING COURSE" held by Defendant." (Mot. to Dismiss at 4-5.) OCO cites two decisions involving faxes that were found not to advertise a commercial good or service, which OCO claims are "akin" to its own fax. The first is Phillips Randolph Enterprises, LLC v. Adler-Weiner Research Chicago, Inc., 526 F. Supp. 2d 851 (N.D. Ill. 2007), in which the fax sought business owners to participate in a research study. The

second is <u>Ameriquard, Inc. v. University of Kansas Medical Center Research Institute, Inc.</u>, No. 06-0369-CV-W-ODS, 2006 WL 1766812 (W.D. Mo. June 23, 2006), in which the fax announced the existence of a clinical drug trial and sought individuals willing to serve as test subjects.

OCO's argument that its fax was merely an "invitation" is rejected; it does not pass the straight-face test. The fax clearly promoted a training seminar, which is a service. And there can be no doubt that the fax made known the commercial availability or quality of the seminar. The course was offered for $295, and the fax contains various statements about the quality of the course. For example, it is claimed that the course will allow attendees to "improve the profitability" of their practices. The fact that the fax was sent only to dentists or otherwise qualified individuals does not change its commercial nature. The fax also advertises the availability of the goods that OCO sells, namely its dental implant systems. Moreover, the opinions cited by OCO are inapposite because the faxes at issue there did not promote any good or service for sale; rather, they promoted a research study and a clinical drug trial for which participants would be paid.

The fax sent by OCO is an "unsolicited advertisement" within the meaning of the TCPA. Accordingly, the motion to dismiss will be denied.

## **CONCLUSION**

For the foregoing reasons, the motion of defendant OCO Biomedical, Inc. to dismiss plaintiff's First Amended Complaint is denied.  A status hearing is set for December 10, 2008 at 11:00 a.m. to discuss the next steps in this proceeding.

DATE:           November 25, 2008

ENTER:          _____
                John F. Grady, United States District Judge